463 A.2d 1172

COMMONWEALTH of Pennsylvania

v.

Frederick MILLINGS, Appellant.

Superior Court of Pennsylvania.

Argued March 23, 1981.

Filed July 29, 1983.

236

Penn B. Glazier, Lancaster, for appellant.

Michael E. Bortner, Assistant District Attorney, York, submitted a brief on behalf of Commonwealth, appellee.

Before PRICE *, WIEAND and LIPEZ, JJ.

LIPEZ, Judge:

█ Defendant Frederick Millings appeals from his conviction in a non-jury trial of possession of a controlled substance, 35 P.S. § 780–113(a)(30). He argues that drugs found on his person in a search incident to his arrest should

* PRICE, J., did not participate in the decision of this case.

have been suppressed because the arrest was made pursuant to an arrest warrant which had been withdrawn following defendant's voluntary appearance and entry of bail, notwithstanding the fact that the arresting officer acted in good faith and without knowledge of the withdrawal. We agree and grant defendant a new trial.

Defendant, who was residing in Maryland, learned that a warrant had been issued in York County, Pennsylvania, for his arrest on charges of retail theft, 18 Pa.C.S. § 3929, and that extradition proceedings were pending. Rather than await extradition, he surrendered himself to York County authorities on May 24, 1978, and appeared at a hearing in the Court of Common Pleas the following day, where he entered a plea of not guilty to the retail theft charges. His case was remanded for trial in the July term of court, and the court directed that the active process be withdrawn and defendant be released on nominal bail.

Several days later, a York County detective who had been involved in the proceedings to extradite Millings on the retail theft charges saw defendant outside a bar. Unaware of defendant's surrender and subsequent release on bail, the detective attempted to ascertain whether the warrant for his arrest was still active by checking the files in the York County Courthouse and the process drawer in the sheriff's office. Both of these sources indicated that the warrant was still an active process.

Concluding that the warrant was still active, the detective returned to the bar and continued surveillance of Millings for two hours, then called York city police for assistance. As the detective and three police officers approached the car in which defendant and several other people were seated, the occupants of the car, including defendant, scattered and began to run. Millings was pursued, apprehended and placed under arrest for retail theft pursuant to the arrest warrant. Although he attempted to explain the circumstances of his previous surrender and release on bail, defendant was transported to the police station and searched prior to his detention there. This search revealed the

contraband (hashish and heroin) which led to the filing of an information against him for possession of controlled substances. Defendant's motion to suppress the drugs as fruits of an unauthorized arrest was denied, as was his post trial motion for a new trial on the basis that the evidence should have been suppressed, and he was sentenced to six to twelve months' imprisonment and payment of the costs of prosecution.

In denying defendant's motion to suppress, the lower court reasoned that:

> While we agree with the defendant that there was no authority to arrest the defendant, we do not see this as the ultimate question . . .; rather, the question before the court is whether or not . . . the officer had probable cause to make the arrest.

Slip op., 11/27/78, at 4. Similarly, in denying reconsideration of that motion, the court stated that:

> The only question was whether or not the officer, at the time of the arrest, had probable cause to believe that the defendant was indeed a fugitive with an outstanding process for his arrest.

Slip op., 8/29/79, at 2. In both reviews of the motion to suppress, the court concluded that the detective's attempt to confirm the viability of the warrant and good faith belief that the warrant was active satisfied the requirements of probable cause as set forth in *Hill v. California*, 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971).[1]

We find this line of reasoning, based on a misinterpretation of *Hill v. California, supra,* to be erroneous. In *Hill,* the Supreme Court held that where a police officer, who had within his personal knowledge facts sufficient to

---

1. The lower court relied on the following language in the *Hill* opinion: [S]ubjective good-faith belief would not in itself justify either the arrest or in the subsequent search. But sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment and on the record before us the officer's mistake was understandable and the arrest a reasonable response to the situation facing them at the time. *Id.* 401 U.S. at 804, 91 S.Ct. at 1110-11.

justify a warrantless arrest of a suspect, mistakenly arrested another individual who fit the suspect's description and was found in the suspect's apartment, the mistake in identities, reasonable under the circumstances and made in good faith, did not defeat the officer's probable cause to make the arrest. The court thus found that the search conducted incident to that arrest was valid and that evidence it disclosed could be admitted at trial. Here, however, the arresting officers possessed no personal knowledge as to the facts establishing probable cause for the defendant's arrest for retail theft. Rather, their arrest was based solely on the purported authority of the arrest warrant. That warrant, having previously been withdrawn, no longer had any validity. *Carlson v. Landon*, 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547 (1951) ("It has been said that a warrant once executed is exhausted.")[2] *Hill* does not stand for the proposition that a good faith mistake as to the validity of an arrest warrant can be overlooked in determining the legality of an arrest based on that warrant. Indeed, that proposition was negated by the Court in *Whiteley v. Warden*, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), decided in the same term. There, the Court held that good faith reliance, however reasonable, on an arrest warrant cannot insulate an illegal arrest from challenge when that warrant proves to be invalid. *Id.* at 568, 91 S.Ct. at 1037. *See also Commonwealth v. Flowers*, 245 Pa.Super.Ct. 198, 369 A.2d 362 (1976). We find no support in logic or precedent for the

---

**2.** *See also McDonald v. State,* 569 P.2d 1014 (Okl.Cr.App.1977), where the Court of Criminal appeals of Oklahoma relied on *Carlson* in suppressing evidence seized during an arrest. In that case police went to appellant's home to arrest him on what they believed to be an outstanding warrant for grand larceny, also suspecting that appellant was implicated in a second armed robbery for which no warrant had been issued. It was during the search incident to arrest that the police discovered and seized evidence which led to appellant's conviction for this second robbery. However, the warrant pursuant to which the police made the arrest had already been returned and the appellant arrested and arraigned on the charge. The court held that since the grand larceny warrant was exhausted, the officers had no authority to make an arrest, thus invalidating any search incident to arrest. Consequently, the seized materials were ordered suppressed. *Id.* at 1017.

Commonwealth's assertion that because the warrant, when viable, had been supported by probable cause, it can serve as authority for an arrest after its withdrawal.

■ Since the arrest warrant provided no authority for defendant's arrest and since the arresting officers admitted that they had no independent knowledge of facts constituting probable cause to arrest him on either retail theft or drug charges, we hold that the arrest was illegal. Accordingly, the contraband, seized in a search incident to and resulting from that arrest, should have been suppressed. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

Judgment of sentence vacated and case remanded for a new trial. Jurisdiction is relinquished.

WIEAND, J., files a concurring opinion.

WIEAND, Judge, concurring:

I agree that the present state of the law, as ably reviewed in the opinion of Judge Lipez, requires suppression of the fruits of an arrest based on a warrant previously withdrawn by the court even though the arresting officer reasonably and in good faith believed the warrant to be viable at the time he made the arrest. As a member of an intermediate appellate court I must decline the invitation to join the Court of Appeals for the Fifth Circuit which has recognized "technical violation" and "good faith mistake" exceptions to the exclusionary rule. See: *United States v. Williams,* 622 F.2d 830 (5th Cir.1980), *cert. denied,* 449 U.S. 1127, 101 S.Ct. 946, 67 L.Ed.2d 114, citing Ball, Good Faith and the Fourth Amendment: The "Reasonable" Exception to the Exclusionary Rule, 69 J.Crim.L. & Criminology 635 (1978). See also: *Pesci v. State,* 420 So.2d 380 (Fla.Dist.Ct.App. 1982). I cannot help but observe, however, that such an exception to the exclusionary rule would certainly make it unnecessary to suppress the contraband seized in the instant case.