J-S49010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF |
| --- | --- |
| Appellee | PENNSYLVANIA |
| v. | |
| WARREN LEE, | |
| Appellant | No. 2620 EDA 2013 |

Appeal from the Judgment of Sentence of May 6, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0010548-2013

BEFORE:  OLSON, OTT and STABILE, JJ.

MEMORANDUM BY OLSON, J.:                **FILED OCTOBER 24, 2014**

Appellant, Warren Lee, appeals from the judgment of sentence entered on May 6, 2013, following his bench trial convictions for one count each of theft and receiving stolen property.[1]  Upon careful consideration, we vacate and remand.

We summarize the facts and procedural history of this case as follows. On March 16, 2013, Officer Dean Stecklair, a police officer with Amtrak, arrested Appellant at a train station located at 30th and Market Streets in Philadelphia, Pennsylvania.  The arrest was made pursuant to a stay-away order issued against Appellant in August 2012, which prohibited Appellant from entering the station for a period of one year.  In a search incident to

---

[1] 18 Pa.C.S.A. §§ 3921 and 3925, respectively.

the arrest, police uncovered four business checkbooks in Appellant's possession. Appellant was charged with the aforementioned charges. Appellant filed a motion to suppress. On May 6, 2013, the municipal court held a hearing on the motion to suppress, denied relief, and held a stipulated bench trial wherein it found him guilty of the charges. The municipal court sentenced Appellant to three to 12 months of incarceration. On June 7, 2013, Appellant filed a petition for writ of *certiorari* with the trial court, seeking review of the municipal court's denial of suppression. On August 26, 2013, the trial court held a hearing and dismissed the petition after concluding there was no error of law. This timely appeal resulted.[2]

On appeal, Appellant raises a single issue for our review:

> Did not the trial court err as a matter of law in denying [A]ppellant's motion to suppress checkbooks recovered during a search incident to an arrest where the arrest was made pursuant to an illegal sentence/stay-away term because it exceeded the maximum period for which a sentence could be imposed on the summary offense (90 days) and was, therefore, expired and invalid at the time of [A]ppellant's arrest?

Appellant's Brief at 3.

Appellant argues that his arrest was illegal and that the checkbooks recovered as a result of that arrest required suppression. More specifically,

---

[2] Appellant filed a notice of appeal on September 12, 2013. On September 24, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on October 10, 2013. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 4, 2013.

he asserts that initially he was found guilty on August 31, 2012 of simple trespass at the train station at issue, a summary offense. *Id.* at 9. At that time, the municipal court imposed a one-year stay-away order upon Appellant. *Id.* Appellant contends that the municipal court judge in the prior decision "lacked any authority to impose a year[-]long stay-away condition of sentence on a summary offense." *Id.* at 11. He contends that a summary offense carries a maximum penalty of 90 days. *Id.* at 9, 11. Hence, Appellant maintains that the one-year stay-away order was illegal and could not serve as the basis for his subsequent arrest. *Id.* at 12. Appellant argues that an illegality of sentence claim cannot be waived and was subject to correction by the trial court. *Id.* Accordingly, he avers:

> [Appellant's] original sentence was illegal. The stay-away order was void at its inception. His subsequent arrest for allegedly violating an invalid condition of sentence cannot be sanctioned by permitting the fruits of what, in fact, was an unlawful arrest. The [municipal] court erred in denying [Appellant's] motion to suppress; the [trial] court, upon review, erred in denying [Appellant's] petition for [w]rit of [c]ertiorari.

*Id.* at 15-16.

Because Appellant challenges an order that denied his motion to suppress, we review his claims pursuant to the following standard and scope of review:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the

- 3 -

Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Farnan*, 55 A.3d 113, 115 (Pa. Super. 2012) (citation omitted).

Here, the trial court determined:

In the instant case, neither the stay-away order was ever challenged by [] Appellant, although ample opportunity existed to do so, nor has a court invalidated the order prior to the stop, arrest, and search in question on March 16, 2013. [Appellant] has never filed a post-sentence motion, intervening motion for reconsideration, notice of appeal, or argued that he lacked notice of the order.

Trial Court Opinion, 12/4/2013, at 8.

For the reasons that follow, we disagree. "[C]hallenges to the legality of sentence are never waived." *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005). "This means that a court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim." *Id.* In this case, Appellant was not asking the trial court to vacate the judgment of sentence that followed his simple trespass conviction based upon illegality. Such a claim had to have been made on direct appeal

- 4 -

or within the context of a petition under the Post Conviction Relief Act.[3] Rather, Appellant argues that the illegality of his probationary sentence could not form the basis for his current arrest and, therefore, fruits of the ensuing search and seizure had to be suppressed. For the reasons that follow, we conclude that the trial court had jurisdiction to decide whether the underlying probationary term was a legal nullity in determining whether suppression was warranted.

Initially, Appellant pled guilty to simple trespass pursuant to 18 Pa.C.S.A. § 3503(b)(1)(ii), a summary offense. On August 31, 2012, the municipal court sentenced Appellant to stay away from the 30th and Market Street Amtrak station for one year. However, when a defendant is sentenced on a summary offense, he "may be sentenced to a term of imprisonment, the maximum of which is not more than 90 days." 18 Pa.C.S.A. § 106(c)(2). The court may impose probation, including "such reasonable conditions […] as it deems necessary to insure or assist the defendant in leading a law-abiding life" including those conditions "related to the rehabilitation of the defendant and not unduly restrictive of his liberty or

---

[3] If no direct appeal is filed within 30 days, the trial court loses jurisdiction and the defendant must seek collateral review under the PCRA. **See** Pa.R.Crim.P. 901, Comment ("[…T]he [PCRA] Rules are intended to require that, in a single proceeding, the defendant must raise and the judge must dispose of all grounds for relief available after conviction and after exhaustion of the appellate process, either by affirmance or by the failure to take a timely appeal.").

incompatible with his freedom of conscience." 42 Pa.C.S.A. § 9754(b), (c)(13). Court imposed conditions, however, cannot "exceed the maximum term for which the defendant could be confined." 42 Pa.C.S.A. § 9754(a). Thus, in entering a stay-away order for over 90 days, the municipal court entered an illegal sentence.[4]

Accordingly, Appellant argues that the underlying stay-away order was void *ab initio*[5] and could not serve as the basis for his subsequent arrest. Appellant's Brief at 13. We agree. We are guided by several decisions that we find instructive in the present circumstances.

In **Commonwealth v. Millings**, 463 A.2d 1172 (Pa. Super. 1983), Millings was convicted of possession of a controlled substance when police arrested him on a warrant for retail theft that had been withdrawn. Millings "argue[d] that drugs found on his person in a search incident to his arrest should have been suppressed because the arrest was made pursuant to an arrest warrant which had been withdrawn following [Milling's] voluntary appearance and entry of bail, notwithstanding the fact that the arresting officer acted in good faith and without knowledge of the withdrawal." **Millings**, 463 A.2d at 1173. This Court agreed, opining:

---

[4] The Commonwealth does not defend the legality of Appellant's original sentence.

[5] "The term void *ab initio* means an action that is void from its inception." **Commonwealth v. Dennis**, 695 A.2d 409, 410 n.3 (Pa. 1997) (citation omitted).

- 6 -

> Since the arrest warrant provided no authority for defendant's arrest and since the arresting officers admitted that they had no independent knowledge of facts constituting probable cause to arrest him on either retail theft or drug charges, we hold that the arrest was illegal. Accordingly, the contraband, seized in a search incident to and resulting from that arrest, should have been suppressed.

*Id.* at 1175 (internal citation omitted).

Later, in **Commonwealth v. Edmunds**, 586 A.2d 887 (Pa. 1991), our Supreme Court examined a matter dealing with an invalid search warrant. In that case, Edmunds was convicted of various narcotics charges and criminal conspiracy when police acted upon a search warrant and discovered a marijuana growing operation. The search warrant, however, "failed to set forth with specificity the date upon which the anonymous informants observed the marijuana." **Edmunds**, 586 A.2d at 888. "[T]he trial court went on to deny [Edmunds'] motion to suppress the marijuana" by "look[ing] beyond the four corners of the affidavit [of probable cause in support of the search warrant], in order to establish that the officers executing the warrant acted in 'good faith' in relying upon the warrant to conduct the search." *Id.* Our Supreme Court determined "that probable cause did not exist on the face of the warrant" and, thus, examined "whether the Constitution of Pennsylvania incorporates a 'good faith' exception to the exclusionary rule, which permits the introduction of evidence seized where probable cause is lacking on the face of the warrant." *Id.* at 891.

After scrutinizing United States Supreme Court precedent, the law of sister jurisdictions, and policy considerations, the ***Edmunds*** Court decided that the Pennsylvania Constitution affords its citizens greater privacy rights than the federal Constitution, regarding the prohibition against unreasonable searches and seizures. ***Id.*** at 896-897. Our Supreme Court concluded there is no "good faith" exception to the Pennsylvania Constitution:

> We have no reason to believe that police officers or district justices in the Commonwealth of Pennsylvania do not engage in "good faith" in carrying out their duties. What is significant, however, is that our Constitution has historically been interpreted to incorporate a strong right of privacy, and an equally strong adherence to the requirement of probable cause under Article 1, Section 8. Citizens in this Commonwealth possess such rights, even where a police officer in "good faith" carrying out his or her duties inadvertently invades the privacy or circumvents the strictures of probable cause. To adopt a "good faith" exception to the exclusionary rule, we believe, would virtually emasculate those clear safeguards which have been carefully developed under the Pennsylvania Constitution over the past 200 years.

***Id.*** at 899. Accordingly, the ***Edmunds*** Court determined that "the evidence seized from [] Edmunds was the product of a constitutionally defective search warrant" which mandated suppression. ***Id.*** at 905-906.

More recently, our Supreme Court examined ***Commonwealth v. Johnson***, 86 A.3d 182 (Pa. 2014). In that case, police arrested Johnson based upon an arrest warrant that was "no longer valid and should have been recalled, since it had previously been served on [Johnson] nine days earlier[.]" ***Johnson***, 86 A.3d at 184. The ***Johnson*** Court concluded:

the trial court properly suppressed the physical evidence seized by police incident to an arrest based solely on an invalid, expired arrest warrant. The courts below granted relief based upon the analysis of the Pennsylvania Constitution set forth in *Edmunds*, which rejected the federal good faith exception to the exclusionary rule (there, in the context of a defective search warrant). *Edmunds* is binding precedent and the Commonwealth has not challenged its validity here. Nor has the Commonwealth offered any meaningful distinction of *Edmunds* in constitutional terms. The courts below were correct that *Edmunds* controls the outcome in such circumstances.

*Id.* at 187.

In the instant case, based upon all of the foregoing, we conclude that Appellant was entitled to suppression. Upon review of the certified record, Police Officer Dean Stecklair testified that the sole reason he stopped Appellant was that the officer knew there was a "stay-away order from the 2955 Market Street area." N.T., 5/6/2013, at 7. At the time of Appellant's detention in this case, however, the stay-away order at issue had exceeded the lawful maximum duration for a probationary condition attached to a summary offense. Hence, the order that served as the basis for Appellant's arrest was invalid and illegal. Moreover, Officer Stecklair did not testify that he witnessed any independent criminal activity that rose to the level of probable cause; he merely arrested Appellant for a violation of the probationary order. "Since the [stay-away order] provided no authority for [Appellant's] arrest and since the arresting officer[] admitted that [he] had no independent knowledge of facts constituting probable cause to arrest [Appellant], we hold that the arrest was illegal. Accordingly, the contraband,

seized in a search incident to and resulting from that arrest, should have been suppressed." **Millings**, 463 A.2d at 1175. Furthermore, as **Edmunds** and **Johnson** make clear, even if Officer Stecklair believed the order was valid upon execution, police are not entitled to a good faith exception. Accordingly, suppression was warranted.

Judgment of sentence vacated. Order granting suppression reversed. Case remanded for additional proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2014