420 So.2d 380 (1982)
Juan Antonio PESCI, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-1984.
District Court of Appeal of Florida, Third District.
October 12, 1982.
*381 Stephen F. Bazzano, Coral Gables, for appellant.
Jim Smith, Atty. Gen., Janet Reno, State Atty., and Russell R. Killinger, Asst. State Atty., for appellee.
Before NESBITT, FERGUSON and JORGENSON, JJ.
FERGUSON, Judge.
This appeal presents what the state deems a significant question: whether the fruits of an arrest and search based on a non-existent warrant may be admitted in evidence on grounds that a police officer acted in good faith. We decline the invitation to depart from supreme court precedent, Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), and join a sibling court in holding that as a lower appellate court we are precluded from considering any good faith exception to the Florida constitutional exclusionary rule.[1]Lovett v. State, 403 So.2d 1079 (Fla. 1st DCA 1981); Walden v. State, 397 So.2d 368 (Fla. 1st DCA 1981).
The facts in this case are as follows. Appellant, while otherwise lawfully operating a vehicle, was stopped by a police officer who observed an expired inspection sticker on the automobile. The officer radioed for a routine record check and received information that there was an outstanding alias capias for appellant on an aggravated assault charge. On that information appellant was arrested and searched and a small quantity of cocaine in his possession was uncovered. It was later learned that the alias capias had been quashed and the aggravated assault charges abandoned by the state approximately two months before appellant was arrested.[2]
The written order denying the motion to suppress states:
The court has determined that even though the alias capias had been quashed, the arrest and subsequent search of the defendant was made in good faith. Officers will slways arrest persons for whom they know a warrant is outstanding. Absent some showing that the arresting authorities knew the warrant had been quashed  which doesn't exist in this case  the court finds that the defendant's rights granted by the United States and Florida Constitutions had not been violated.
Assuming for the sake of further discussion that neither the constitution nor state supreme court precedent is a bar to consideration of the question presented it is our opinion that the arrest and search in this case would not qualify under any of the still-mostly-doctrinal exceptions to the exclusionary rule. See United States v. Williams, 622 F.2d 830 (5th Cir.1980), citing Ball, Good Faith and the Fourth Amendment: The "Reasonable" Exception to the Exclusionary Rule, 69 J.Crim.L. & Criminology 635, (1978). The court in Williams said it was following the United States Supreme Court and other federal courts which have recognized all but explicitly, the "technical violation" facet of the rule exceptions and which has recognized at least implicitly, a *382 "good-faith mistake" exception to the rule.[3] A technical violation is said to have occurred when an officer relies upon a statute which is later ruled unconstitutional, a warrant which is later invalidated, or a court precedent which is later overruled. A good-faith mistake occurs when an officer makes a judgmental error concerning the existence of facts sufficient to constitute probable cause. Williams, 622 F.2d at 841.[4]
The police officer in this case was not exercising any judgment as to whether the facts known to him constituted probable cause, but was instead relying solely on information received by radio that there was an outstanding alias capias. There is no contention or showing here that the officer, at the time he stopped appellant for a minor traffic infraction, had any other justification for intruding upon appellant's protected Fourth Amendment interest, therefore the "good-faith mistake" exception cannot apply. Neither would the "technical violation" exception have any application here because the warrant (alias capias) was void or nonexistent at the time appellant was arrested. The exception would apply only if the warrant had been presumptively valid at the time of the arrest but was invalidated by a subsequent judicial determination. Michigan v. DeFillippo, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979). An otherwise illegal arrest is not insulated from challenge by the fact that the executing officer relied on erroneous radio information dispatched by a fellow officer or employee. Whiteley v. Warden of Wyoming Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).
We hold, as has the New York Court of Appeals, that an arrest is invalid when the arresting officer acts upon information in criminal justice system records which, though correct when put into the records, no longer applies and which, through fault of the system, has been retained after the information should have been removed. People v. Jennings, 54 N.Y.2d 518, 446 N.Y.S.2d 229, 430 N.E.2d 1282 (C.A.N.Y. 1981). Accord People v. Decuir, 84 Ill. App.3d 531, 39 Ill.Dec. 912, 405 N.E.2d 891 (1980); Carter v. State, 18 Md. App. 150, 305 A.2d 856 (1973). The law is quite settled that a void or nonexistent warrant may not be the basis for a legal arrest and search. See Whiteley v. Warden of Wyoming Penitentiary; Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); United States v. Cox, 475 F.2d 837 (9th Cir.1973).
Because the evidence should have been suppressed we reverse and remand with instructions to discharge the defendant.
JORGENSON, Judge, specially concurring.
I agree that reversal is required here for the reasons set forth in the majority opinion and write separately only to point out that the result obtained does nothing to deter "police" misconduct. Indeed, in future cases we would expect an officer, given the same information, to react in precisely the same manner as was done in the case sub judice. If the purpose of the exclusionary rule is to deter police misconduct, then it is clearly frustrated here, since all the officer did is that which was expected of him.
But for a hypertechnical rule which we are required to apply, common sense would compel an affirmance of the trial court.
NESBITT, Judge (specially concurring):
I emphatically concur with the majority because the good faith exception does not *383 exist in Florida. However, any discussion beyond that point anticipates the viability of the good faith exception and thus makes a premature announcement concerning the application of a nonexistent rule. Because I do not care to be bound, even by way of dictum, I would limit this decision to a holding that good faith is not an exception to the warrant requirement.
NOTES
[1] Article I, Section 12:

The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures ... shall not be violated... . Articles or information obtained in violation of this right shall not be admissible in evidence.
See Blatch v. State, 389 So.2d 669, 675 n. 6 (Fla. 3d DCA 1980) citing Norman v. State, 388 So.2d 613 (Fla. 3d DCA 1980), (the effect of making the exclusionary rule a part of the Florida Constitution in 1968 was to give the existing exclusionary rule constitutional dimension immunizing it from possible future retreat by the United States Supreme Court's holding in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961)). If recognition by the federal court of good-faith exceptions to its judicially created exclusionary rule be deemed a retreat from Mapp v. Ohio, then to that extent the Florida constitutional exclusionary rule would loom broader. The state could accomplish a reconciliation of its rule to the federal rule only by a constitutional change.
[2] For purpose of the motion to suppress, the parties stipulated to the facts. There is also a stipulation that our determination of the issue presented will be dispositive of the case.
[3] We have been unable to find any case, contrary to the statement in United States v. Williams, where a majority of the United States Supreme Court has implicitly recognized a "good-faith mistake" exception to the exclusionary rule. Certainly there has not been an expressed recognition by the Florida Supreme Court of either of the exceptions noted in Williams.
[4] United States v. Williams is of doubtful precedential value. Ten members of the twentythree member court, in a specially concurring opinion, sharply criticized the majority as having utilized the case as a vehicle to disseminate a doctrine. The court had unanimously agreed that the arrest and search was based on good and sufficient probable cause so it appears that the exclusionary rule exception discussion was unnecessary to a disposition of the case.