424 So.2d 994 (1983)
Kevin MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1300.
District Court of Appeal of Florida, Second District.
January 12, 1983.
Jerry Hill, Public Defender, Bartow, and Deborah A. Adamson, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
OTT, Chief Judge.
Kevin Martin appeals his judgment and sentence for possession of heroin, contending that the trial court erred in denying his motion to suppress. We reverse.
On December 4, 1980, the state charged appellant with possession of heroin contrary to section 893.13(1)(e), Florida Statutes (1979). Appellant filed a motion to suppress which was denied by the trial court after a hearing on the motion. Appellant pled nolo contendere, reserving his right to appeal the denial of his motion to suppress. The court sentenced appellant to three years probation.
On November 3, 1980, Officer Vaney observed a vehicle run a red light. The officer stopped the vehicle. The driver was unable to produce a driver's license and was thereupon arrested. The officer requested *995 appellant, who was a passenger in the car, for identification. Appellant voluntarily gave the officer his driver's license. The officer called for a computer check on the appellant which indicated an outstanding warrant for appellant's arrest under an Alabama charge. The officer arrested appellant based upon the warrant. The officer then searched appellant and took a brown pouch from his pants pocket. The pouch contained minute particles of residue which subsequently were established as a mixture of cocaine and heroin.
At the suppression hearing, the state conceded all the foregoing facts and that the warrant had been served on appellant on February 6, 1980; that appellant had been incarcerated in Alabama and released on October 16, 1980. The warrant, however, was not removed from the Tampa police computer until the day after appellant was stopped by Officer Vaney and a check of appellant's story proved accurate.
We hold that the trial court improperly denied appellant's motion to suppress. Officer Vaney did not have independent probable cause to arrest appellant. The officer relied solely on erroneous information received by radio that there was an outstanding Alabama warrant for appellant's arrest. The warrant was void at the time appellant was arrested. An otherwise illegal arrest cannot be insulated from challenge by the fact that the executing officer relied on erroneous radio information dispatched by a fellow officer or employee. Whiteley v. Warden of Wyoming Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971). A void or nonexisting warrant cannot be the basis for a legal arrest and search. Pesci v. State, 420 So.2d 380 (Fla. 3d DCA 1982). Since the contraband was seized pursuant to an unlawful arrest, it should have been suppressed as a fruit thereof. DeBord v. State, 422 So.2d 881 (Fla. 2d DCA 1982).
Based upon the specific facts of this case, we REVERSE the denial of appellant's motion to suppress and subsequent judgment and sentence for possession of heroin.
RYDER and CAMPBELL, JJ., concur.