456 So.2d 897 (1984)
Dennis Clay NEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2157.
District Court of Appeal of Florida, Second District.
April 25, 1984.
Rehearing Denied October 10, 1984.
Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
This appeal presents a single issue. Did the trial court err in refusing to suppress evidence seized from Dennis Clay Neal, who was arrested by law officers under the mistaken belief that he was the person named in an outstanding warrant for arrest?
On April 6, 1983, investigator Robert Smith of the Lee County Sheriff's Department observed Neal in a parking lot outside Club 21 in Fort Myers. Smith mistook Neal for a man named Otis Blanks, because of Neal's physical resemblance to Blanks. Smith knew Blanks but had not seen him since July 1982. Smith also knew that there was an outstanding warrant for Blanks' arrest. After verifying that the warrant was still outstanding, Smith and two uniformed Lee County deputies detained Neal. When asked to identify himself, Neal gave his correct name. Nevertheless, one of the deputies searched Neal and retrieved a change purse, containing marijuana cigarettes, from his groin area. After the officers took Neal into custody, they reviewed photographs of Blanks and determined that Neal was not Blanks.
Although Neal was not the individual named in the outstanding warrant, the state charged him with possession of cannabis with intent to distribute, a violation of section 893.13, Florida Statutes (1981). Neal moved to suppress the cannabis seized from his person. At the hearing on the motion, Officer Smith was the only witness. His testimony supports the conclusion that the arrest was made on the basis of mistaken identity. After the trial court denied Neal's motion to suppress, he pled nolo contendere, reserving the right to appeal the denial of the motion. The court placed Neal on probation for five years, and this appeal ensued.
*898 Neal raises only one point. Since the outstanding warrant did not name him and he displayed no evidence of wrongdoing, he argues that he was improperly detained and searched by the law enforcement officers. Thus, he contends that the marijuana seized from him must be suppressed. We disagree.
Neal's argument is too simplistic. He cites only two authorities in support of his contention. He analogizes this case to the principles in Whiteley v. Warden of Wyoming State Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), and our recent decision in Martin v. State, 424 So.2d 994 (Fla. 2d DCA 1983). The thrust of these decisions is that a void or non-existent warrant cannot be made the basis for a legal arrest and search. We find these decisions unpersuasive to support Neal's arguments as they do not focus directly on the issue before us.
Unquestionably, the law enforcement officers had probable cause to arrest Blanks as there was an outstanding warrant for his arrest. Therefore, the resolution of this case depends on whether Smith reasonably mistook Neal for Blanks and, if so, whether the arrest and subsequent search were valid.
When the police have probable cause to arrest one person and reasonably mistake a second person for the first person, then the arrest of the latter person is valid. Hill v. California, 401 U.S. 797, 802-03, 91 S.Ct. 1106, 1110, 28 L.Ed.2d 484, 489 (1971). In such circumstances the police are entitled to search the second person incident to the arrest. Id., at 804, 91 S.Ct. at 1110-11, 28 L.Ed.2d at 490.
There is little state court authority on the issue before us. The Minnesota Supreme Court, however, has held that the validity of an arrest of the wrong person under an outstanding warrant and a search incident to that arrest generally depend on whether the police had a reasonable basis for believing the person arrested was the person named in the warrant. State v. Sanders, 339 N.W.2d 557 (Minn. 1983); State v. Frazier, 318 N.W.2d 42 (Minn. 1982). These cases deal with police officers' recollections from photographs alone. The Minnesota court based its decisions on independent photographic comparisons between the person arrested and the person named in the warrant. Sanders, 339 N.W.2d at 560; Frazier, 318 N.W.2d at 44.
Here, on the other hand, Officer Smith personally knew Blanks, although he had not seen him for nine months. No evidence contradicted Smith's positive testimony that he mistook Neal for Blanks. Moreover, we feel the trial court was entitled to accord greater weight to Smith's personal knowledge than if his identification had been based solely on a photograph.
As noted, the police officers had probable cause to arrest Blanks. Since Officer Smith reasonably mistook Neal for Blanks, the arrest and subsequent search of Neal incident to arrest was a reasonable response to the situation facing the law enforcement officers at the time. See Hill, 401 U.S. at 804, 91 S.Ct. at 1110-11, 28 L.Ed.2d at 490. Consequently, the subsequent search of Neal was valid.
AFFIRMED.
BOARDMAN, A.C.J., and RYDER, J., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The motion for rehearing is DENIED.
RYDER, C.J., and SCHEB, J., concur.
BOARDMAN, J., dissents.
BOARDMAN, Judge, dissenting with opinion.
Upon further consideration of this case, I would grant the motion for rehearing, reverse the trial court's order, and discharge Neal.
I do not believe the record supports the conclusion that Officer Smith reasonably mistook Neal for Otis Blanks. Smith had not seen Blanks for nine months. Neal admittedly did not have certain scars which *899 Otis Blanks was known to bear. Furthermore, Neal gave his correct name when questioned as to his identity, yet he was not afforded an opportunity to produce substantiating identification. Under the circumstances presented, I believe Officer Smith should have undertaken a more diligent effort to ascertain the correct identity of Neal before placing him under arrest on the outstanding warrant for Otis Blanks. Consequently, I would REVERSE.