SCHWARTZ, Chief Judge.
The state appeals from a pre-trial order in a manslaughter-DUI case which suppressed the result of a blood alcohol test on the ground that the person who took the sample from the defendant was not authorized under Sec. 316.1932(l)(f)(2), Fla.Stat. (1981). We affirm because (a) the state attorney interposed no objection below and indeed specifically agreed that the motion to suppress was well taken,[1] State v. Evans, 388 So.2d 1104 (Fla. 4th DCA 1980); and (b) on the merits, the ruling was entirely correct. State v. Roose, 450 So.2d 861 (Fla. 3d DCA 1984).
Affirmed,

. Whether the state's attempt to reverse an order on appeal which it represented was correct to the trial court is characterized as merely "unseemly,” Finney v. State, 420 So.2d 639, 643 (Fla. 3d DCA 1982) (Pearson, J., concurring spe-dally), or in the more pejorative terms it seems to warrant, such a change-of-face-and-heart will not be permitted to succeed. See State v. Belien, 379 So.2d 446 (Fla. 3d DCA 1980).