466 So.2d 1216 (1985)
Sherman DEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1008.
District Court of Appeal of Florida, Fourth District.
April 10, 1985.
Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Penny H. Brill, Asst. Atty. Gen., West Palm Beach, for appellee.
*1217 GLICKSTEIN, Judge.
This is an appeal from a sentence entered after appellant's revocation of probation on a prior conviction of burglary. We reverse and remand.
Appellant had been convicted of burglary pursuant to a nolo contendere plea, and had received three years' probation, which was modified to five years' probation when he violated the former probation. Subsequently he was brought before the trial court on a second affidavit of probation violation, which affidavit listed a number of grounds for violation. The lower court found that only one was valid, and it is this violation which is the subject of our present opinion.
The facts show that a police officer observed appellant walking with a small brown bag through what he called a high crime area. The officer said that when he approached appellant, appellant ran, ignoring the officer's command to stop. The officer gave chase, cornered appellant, and arrested him. Appellant's account of the incident differed in that appellant said that he told the officer his name, and that when the officer told him there was a warrant for his arrest, appellant told the officer that he had already been arrested on that warrant. Appellant said that he told the officer that he was on his way to school, and that he had walked away from the officer who arrested him instead of running.
Despite appellant's contention that he had not violated his probation by resisting arrest without violence because the arrest was unlawful, the trial court found that he had violated probation. The trial judge adjudicated him guilty of burglary, and sentenced him to eighteen months' imprisonment with appropriate credit. This appeal follows.
The issue is whether the trial court properly found a violation of probation based upon resisting arrest without violence where the arrest was grounded upon an improper warrant. We conclude that it did not.
In its finding that appellant violated his probation, the trial court found him guilty of allegation number 3 of the violation warrant and affidavit, which speaks of resisting arrest without violence, not obstructing an officer in the performance of some legal duty. Appellant is correct that if his arrest was not lawful, then he could not be found guilty of resisting it. In Marshall v. State, 354 So.2d 107 (Fla. 2d DCA), cert. denied, 436 U.S. 920, 98 S.Ct. 2270, 56 L.Ed.2d 762 (1978), for example, the petitioner had run away from an officer who was trying to invalidly arrest her. The Second District Court of Appeal held that in Florida the common law rule remains in effect that one may resist an unlawful arrest so long as he does so without violence. Finding as we do, that there was no basis for a valid arrest here, we hold that appellant was entitled to run away or otherwise resist without force.
For the arrest to have been lawful, the arresting officer must have had probable cause to believe that a crime had been committed or must have had a valid warrant to arrest appellant. In this case, the officer saw a man carrying a brown paper bag in broad daylight in a high crime area; and that the man turned the other way when he saw the policeman looking at him. This does not establish probable cause, nor does the state seriously contend that it does. See Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980), and cases cited therein.
A more difficult question is the effect of the supposed warrant. There was no real evidence of a warrant, other than the officer's telling appellant that the police records showed an outstanding warrant. As said in Martin v. State, 424 So.2d 994, 995 (Fla. 2d DCA 1983), "An otherwise illegal arrest cannot be insulated from challenge by the fact that the executing officer relied on erroneous radio information dispatched by a fellow officer or employee" (citing Whiteley v. Warden of Wyoming Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971)). The state tries to discredit Martin and Pesci v. State, 420 So.2d 380 *1218 (Fla. 3d DCA 1982), by citing the recent holding in United States v. Leon, ___ U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Leon had to do with exclusion of evidence obtained in reliance upon a search warrant later found to be invalid, and held that the rule does not bar such evidence. Reliance upon Leon is unfounded as the questions involved in suppression of evidence obtained by a search warrant that was subsequently found invalid are entirely different from those involved in the propriety of resisting an invalid arrest warrant. The two have different roots, are designed to remedy different evils, and involve different policy considerations. The arrest being unlawful, appellant could not be guilty of resisting arrest without violence.
Reversed and remanded.
ANSTEAD, C.J., and GOLDMAN, MURRAY, Associate Judge, concur.