469 So.2d 133 (1985)
Curtis Douglas TENNYSON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1139.
District Court of Appeal of Florida, Fifth District.
April 11, 1985.
Rehearing Denied May 21, 1985.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
This is an appeal from a final judgment of the circuit court adjudicating appellant, Curt Douglas Tennyson, guilty of possession of cannabis and hashish. After the trial court denied his motion to suppress evidence appellant pled nolo contendere, specifically reserving his right to appeal the denial of the motion to suppress. Because we find the police unlawfully detained appellant at the time they discovered the evidence objected to, and because appellant's alleged consent to the warrantless search was not sufficiently voluntary to dissipate the taint of the illegal detention, *134 we vacate the judgment and reverse the order denying appellant's motion to suppress.
On October 14, 1982, the Orange County Sheriff's Department was investigating an armed robbery. On that day, some of the investigating officers observed a man near where the robbery occurred who matched a description given by the robbery victims. The Orange County Sheriff's Department later identified that man as appellant. Some of the deputies stopped appellant, who was driving at the time, pursuant to Florida's Stop and Frisk law.[1]
The deputies stopped appellant some distance from the scene of the robbery. Leaving appellant's car on the side of the road, the deputies transported appellant to the scene of the robbery so that the victims might identify him. When the victims saw him, they unequivocally stated that appellant was not the individual who robbed them.
Satisfied that appellant was not the individual who committed the robbery and having no suspicion that appellant was involved in any other criminal activity, Deputy Moch returned appellant to his automobile in a police cruiser. During the drive from the robbery scene to appellant's car, another deputy relayed information about appellant to Deputy Moch over the police radio. The other deputy told Deputy Moch to watch appellant, that appellant had been in a fight with another officer about eight months earlier which resulted in his arrest for battery on a police officer.
As a result of the radio call, Deputy Moch asked appellant, before he allowed him to leave the back seat of the police cruiser, if it was all right if Deputy Moch looked in appellant's car to make sure there wasn't a gun or something on the front seat or underneath the seat. Appellant testified that he did not consent to the search of his car. Deputy Moch testified that in response to his request, appellant stated "go ahead." Deputy Moch discovered a small vial of cannabis and some pills. Without requesting further permission, the deputy opened and searched the trunk where he found more marijuana and some hashish. He then placed appellant under arrest. The instant conviction is based on what the deputy found in the interior of the vehicle.
Appellant remained in the back seat of the police cruiser while Deputy Moch searched his automobile. He remained there because no one instructed him that he was free to leave nor did anyone open the door of the cruiser to let him out; appellant believed he had been arrested or detained. A second deputy stood outside the police cruiser, watching appellant, while Deputy Moch searched appellant's vehicle.
Section 901.151(2), Florida Statutes (1981), Florida's Stop and Frisk law, authorizes a law enforcement officer of this state to temporarily detain any person the officer encounters
... under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state ... [for the purpose of] ... ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.
Subsection (3) of Section 901.151, Florida Statutes (1981) restricts the period of time during which a law enforcement officer may justifiably detain a person under the statute to that period which is necessary to ascertain the circumstances which led the officer to believe the individual had committed, was committing, or was about to commit a criminal offence. In pertinent part, subsection (3) states: "No person shall be temporarily detained under the provisions of Subsection (2) longer than is reasonably necessary to effect the purposes of that subsection." Subsection (4) of Florida's Stop and Frisk Law prohibits police detention of an individual after inquiry *135 into the circumstances which prompted the temporary detention fails to indicate probable cause to arrest the person detained. Subsection (4), in pertinent part, provides: "If, after an inquiry into the circumstances which prompted the temporary detention, no probable cause for the arrest of the person shall appear, he shall be released."
Applying Florida's Stop and Frisk law to the facts of the instant case, the deputies' initial stop of appellant is lawful because appellant matched a description provided by the victims of the robbery the deputies were investigating. At the scene of the robbery,[2] the robbery victims unequivocally stated to the deputies that appellant was not the person who robbed them. At that point, the deputies had effected the purposes for which they had detained appellant; they were satisfied he had no involvement in the robbery. According to subsections 901.151(3) and (4), Florida Statutes (1981), appellant was entitled to immediate release. As a practical matter, however, appellant had to get back to his vehicle, so the deputies transported him to that location.
Although the express terms of Florida's Stop and Frisk law entitled appellant to be released when the police cruiser in which he was riding came to a halt at the location of appellant's automobile, the deputies did not release appellant at that time. Appellant's continued detention, after returning to his car from the scene of the robbery, in the back seat of Deputy Moch's patrol car was unlawful. The deputies had concluded the investigation for which they initially stopped appellant; they no longer suspected that appellant had committed, was committing, or was about to commit a crime, and he was quiet and cooperative. He was not belligerent. The deputies had no suspicion, much less probable cause, that appellant was carrying contraband, yet they did not release him. The sole basis for the continued detention of appellant in the back seat of the patrol car was Deputy Moch's information that police had arrested appellant for battery on a police officer eight months earlier. A police officer's knowledge of an individual's previous arrest, standing alone, is insufficient to give rise to a reasonable suspicion that a crime may have been or is being committed in order to justify a lawful investigatory stop. Robinson v. State, 388 So.2d 286 (Fla. 1st DCA 1980); See, for the proposition that the Fourth Amendment protects an individual's reasonable expectation of privacy from arbitrary invasions solely at the unfettered discretion of police officers in the field, Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979); Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); U.S. v. Brignoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). Detention of appellant in the back seat of the police cruiser after arriving at appellant's vehicle constituted an illegal stop.
The legality of appellant's continued detention in the back seat of Deputy Moch's police cruiser is significant because the lower court denied appellant's motion to suppress on the grounds that appellant consented to Deputy Moch's search of his vehicle; any consent given subsequent to an unconstitutional stop is presumptively tainted by the illegal stop and, therefore, invalid. Norman v. State, 379 So.2d 643 (Fla. 1980); Robinson v. State, 388 So.2d 286 (Fla. 1st DCA 1980); Taylor v. State, 355 So.2d 180 (Fla. 3d DCA 1978) cert. denied, 361 So.2d 835 (Fla. 1978); Bailey v. State, 319 So.2d 22 (Fla. 1975); Earman v. State, 265 So.2d 695 (Fla. 1972); Urquhart v. State, 211 So.2d 79 (Fla. 2d DCA 1968); See Kayes v. State, 409 So.2d 1075 (Fla. 2d DCA 1982); Wong-Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The illegal detention of appellant rendered any consent he may have given involuntary.
The only instance in which a consent rendered involuntary by prior, illegal police *136 action may still validate a warrantless search under the Fourth Amendment is where the State proves by clear and convincing evidence that there has been an unequivocal break in the chain of illegality sufficient to dissipate the taint of the prior illegal action. Norman v. State. If there is not clear and convincing evidence, in the record, of an unequivocal break between appellant's illegal detention and his subsequent consent to the search of his vehicle, we cannot conclude that his consent was voluntary. In Bailey v. State, the Supreme Court of Florida noted that it will be a rare case where the state is able to produce such evidence: "Ordinarily consent given after an illegal arrest will not lose its unconstitutional taint." 319 So.2d at 28; See also, Taylor v. State.
In order to show an unequivocal break in the chain of illegality in the instant case, the state must show, by clear and convincing evidence, that appellant freely and voluntarily consented to the search and was not merely acquiescing in the apparent authority of Deputy Moch and the other deputy. There is a difference between submission to apparent authority and unqualified consent to search. Taylor v. State. For a person to waive his Fourth Amendment protection against unreasonable searches and seizures, it must clearly appear that he voluntarily permitted or expressly invited and agreed to the search. Taylor v. State; Bailey v. State; Talavera v. State, 186 So.2d 811 (Fla. 2d DCA 1966). In the instant case, appellant allegedly consented to a search of his vehicle after he had been in police custody for approximately one hour. The deputies stopped him, required him to leave his vehicle and accompany them to another location where they required him to subject himself to possible identification as a criminal. The deputies never told appellant that they had concluded the investigation for which they had initially stopped him. Upon returning to the location of appellant's vehicle the deputies never told appellant that he was free to leave, nor did any of the deputies open the rear door of the police cruiser allowing appellant to get out of the car. Under these circumstances, there is no evidence which disassociates appellant's "consent" from his illegal detention in the back seat of the police cruiser.
At best, the evidence shows that appellant was merely acquiescing in the apparent authority of Deputy Moch to search his automobile, thus there is no clear and convincing proof of a break in the chain of illegality sufficient to dissipate the taint of the illegal detention. Therefore, we hold that appellant's continued detention in the back seat of the police cruiser after the deputies had effected the purposes for which they initially stopped him constituted an illegal detention which tainted appellant's subsequent consent to the search of his automobile, rendering it involuntary. In the absence of appellant's valid consent, Deputy Moch's warrantless search of the parked automobile violated appellant's right to be free from unreasonable searches and seizures. The evidence seized in violation of that right should have been suppressed.
The trial court's order denying appellant's motion to suppress is reversed and the cause is remanded with instructions to enter an order granting the motion, and discharging appellant.
REVERSED.
ORFINGER and SHARP, JJ., and BLOUNT, URIEL, Jr., Associate Judge, concur.
NOTES
[1] § 901.151, Fla. Stat. (1981).
[2] Appellant does not challenge the legality of the deputies' requirement that he accompany them to the scene of the robbery. See § 901.151(3), Fla. Stat. (1981).