## JONES v STATE OF FLORIDA
### Case No. 86-1135 X
Thirteenth Judicial Circuit, Hillsborough County
October 8, 1987

### APPEARANCES OF COUNSEL

**Daniel Kirkwood,** Assistant Public Defender, for appellant.
**James M. Barton II,** Assistant State Attorney, for appellee.

### OPINION OF THE COURT

SUSAN C. BUCKLEW, Circuit Judge.

Appellant appeals the trial court's order denying Defendant's Motion to Suppress. The Defendant was arrested on August 17, 1987 and

charged with Possession of Cannabis. The Appellant raises two issues on appeal: the stop of the Defendant was illegal and the arrest on the warrant was invalid.

In the first issue, Appellant argues that the police officer was unauthorized to stop the Defendant and ask for identification because there were no circumstances which would reasonably indicate to the officer that the Defendant was committing or about to commit a crime. In the instant case the officer approached the Defendant and asked for identification and the Defendant voluntarily complied. Although the officer did not have a well founded suspicion upon which to detain and question the Defendant, the officer's approaching of the Defendant and merely asking for identification was not a detention and was entirely proper. *Davis v. State,* 461 So.2d 1361 (Fla. 2d DCA 1985), *Florida v. Royer,* 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed 2d 229 (1983).

In the second issue, Appellant argues that the evidence should be suppressed because the arrest of the Defendant was on a capias for a criminal traffic charge that was eventually dismissed. The Appellant argues that the traffic charge was dismissed because the traffic judge found that the person who signed the ticket was not the Defendant. (The dismissal of the traffic ticket was not made a part of the record on appeal). Therefore, the Appellant argues, the arrest of the Defendant was not legal because the officer relied solely on an erroneous capias as the probable cause for his arrest. The Appellant cites *Martin v. State,* 424 So.2d 994 (2d DCA 1983). *Martin* is distinguishable from the instant case because the warrant in *Martin* was void at the time of arrest. Here the capias was not void at the time of arrest. Apparently someone was using the Defendant's name resulting in a traffic citation and ultimately in a capias under the Defendant's name. Here the officer acted reasonably and in good faith in arresting the Defendant and the capias on which he was arrested was not void at the time of arrest. The arrest and subsequent search were valid. *Neal v. State,* 456 So.2d 897 (Fla. 2d DCA 1984), *McCrae v. State,* 475 So.2d 1357 (Fla. 5th DCA 1985).

The trial court's Order Denying Defendant's Motion to Suppress is *AFFIRMED.*

DONE and ORDERED this 8th day of October, 1987.