WIGGINTON, Judge.
Donald Brown brings this appeal from a judgment and sentence for possession of cocaine following his nolo contendere plea which reserved the right to appeal the denial of his motion to suppress evidence. We affirm.
The stipulated facts introduced in the motion to suppress and at the hearing established that on October 26,1986, at about 2:30 a.m., police officer George Johnson was on routine patrol when he received a B.O.L.O. (“Be On the Lookout”) for a black male wearing a tuxedo who had just robbed a Gumby’s Pizza shop.
A few minutes later, officer Johnson was riding through the parking lot of a “bottle club” located only a few blocks from Gum-by’s Pizza, where he observed among a group of individuals appellant, a black male wearing a tuxedo. Officer Johnson stopped Brown, identified himself as a police officer, and advised him that Gumby’s Pizza had just been robbed by a black man in a tuxedo and that Brown would be detained until it was determined whether he was the robber. Brown denied having robbed Gumby’s and provided officer Johnson with identification which Johnson radioed in to the police department for a warrants check.
While Johnson waited for the warrants check information, the Gumby’s Pizza employee who had been robbed arrived at the parking lot, viewed Brown, and informed Johnson that Brown was not the man who had just robbed him. Nonetheless, officer Johnson continued to detain appellant but advised him that he would be “free to go” as soon as the warrants check came back. Approximately two minutes later, the warrants check was received and revealed that there was an outstanding misdemeanor ca-pias on Brown. At that point, officer Johnson arrested Brown on the capias and searched him pursuant to the arrest. On Brown’s person were found pipes, straws, a razor blade, rolling papers, and cocaine.
The trial court, after argument, denied Brown’s motion to suppress finding that the evidence had been legally seized pursuant to a valid arrest.
In challenging the trial court’s decision, Brown argues that once the Gumby’s employee informed officer Johnson that Brown was not the man who had robbed him, Johnson had effected the purpose for which he had detained Brown, no longer had a suspicion that Brown had been involved in the robbery, and could therefore no longer detain him. In support of his argument, Brown relies heavily on the Fifth District Court of Appeal’s decision in Tennyson v. State, 469 So.2d 133 (Fla. 5th DCA 1985).
Although we agree with Brown that the facts in Tennyson are strikingly similar to the instant case, we also conclude that certain facts fundamental to the decision therein are strikingly absent in the instant case. In Tennyson, the police officers, while investigating an armed robbery, observed a man near where the robbery occurred who matched the description given by the robbery victims. The sheriff’s department later identified that man as Tennyson, who was subsequently stopped by deputies some distance from the scene of the robbery. Leaving his car on the side of the road, the deputies transported Tennyson to the robbery scene so that the victims might identify him. When the victims saw him, they unequivocally stated that Tennyson was not the individual who robbed them. The opinion goes on to state that “[sjatisfied that appellant was not the individual who committed the robbery and having no suspicion that appellant was involved in any other criminal activity,” the deputies returned Tennyson to his automobile. 469 So.2d at 134. (Emphasis added.) However, during the drive from the robbery scene back to Tennyson’s car, information was relayed to the deputies regarding a fight that he had had with another officer earlier in the year, which information prompted the deputies to ask him if they could search his car. Pursuant to the search, the deputies discovered contraband which was subsequently suppressed on the *325 basis that the stop and search of Tennyson and his vehicle were illegal. The court reasoned that at the point at which the robbery victims unequivocally stated Tennyson was not the person who robbed them, the deputies had effected the purpose for which they had detained him and were satisfied that he had no involvement in the robbery. The court observed that the deputies concluded the investigation for which they had initially stopped Tennyson and no longer suspected that he had committed, was committing, or was about to commit a crime, and therefore had no suspicion, much less probable cause to believe, that he was carrying contraband. Consequently, their refusal to release Tennyson constituted an illegal stop in violation of section 901.151(2), Florida Statutes (1981), Florida’s Stop and Frisk law.
Distinguishing Tennyson from the facts in the instant case is the lack of evidence herein that officer Johnson was “satisfied” that Brown was not the individual who committed the robbery and that he had concluded the investigation for which he had initially stopped Brown. This is especially so in light of the unusual coincidence that Brown was a black male wearing a tuxedo just a few blocks from the place where the robbery occurred, as well as the fact that officer Johnson had not yet received his requested warrants check. Accordingly, under the circumstances of this case, we hold that officer Johnson had not concluded his investigation, and that Brown’s detention following his confrontation by the robbery victim was not a second detention but a continuation of the first legal stop based on officer Johnson’s founded suspicion arising from the B.O.L. 0. On that basis, we affirm the trial court’s denial of Brown’s motion to suppress.
AFFIRMED.
BOOTH and THOMPSON, JJ., concur.