561 So.2d 1201 (1990)
Lee Emerson MAYBERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01036.
District Court of Appeal of Florida, Second District.
March 28, 1990.
Rehearing Denied June 4, 1990.
James Marion Moorman, Public Defender, Bartow and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Acting Chief Judge.
We affirm defendant's convictions for possession of marijuana, cocaine, and drug paraphernalia. We disagree with his argument that the trial court erred in denying his motion to suppress evidence found during a search after his arrest.
The arrest was on the basis of the arresting officer's belief that defendant was the subject of an outstanding warrant for attempted murder and robbery. The person named in the warrant was the owner of the car in which defendant was a passenger, as was shown by the car's registration. After the arresting officer stopped the car by reason of its broken headlight and looked at that registration, defendant and the driver of the car at first told the officer that defendant was the owner of the car. Then defendant additionally lied to the officer about his true identity. That the officer's belief that defendant was the person named in the warrant turned out to be mistaken does not render the arrest invalid. The mistake was reasonable under the circumstances. See Neal v. State, 456 So.2d 897 (Fla. 2d DCA 1984).
*1202 Also, that the warrant turned out to have been invalid inasmuch as the person named therein was already in jail does not invalidate the arrest and the search incident thereto. There was no showing of excessive and unacceptable delay of the police in having failed to purge their records of the outstanding warrant. See Childress v. United States, 381 A.2d 614, 618 n. 3 (D.C. 1977); Commonwealth v. Riley, 284 Pa.Super. 280, 425 A.2d 813, 816 (1981). Compare Albo v. State, 477 So.2d 1071 (Fla. 3d DCA 1985); Martin v. State, 424 So.2d 994 (Fla. 2d DCA 1983).
Affirmed.
THREADGILL and PARKER, JJ., concur.