560 So.2d 805 (1990)
In the Interest of T.M.M., a child.
Nos. 89-0962, 89-2280.
District Court of Appeal of Florida, Fourth District.
April 11, 1990.
Rehearing Denied May 30, 1990.
*806 Richard L. Jorandby, Public Defender, and Margaret Good, Asst. Public Defender, West Palm Beach, for appellants-T.M.M. and K.L.M.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sylvia H. Alonso, Asst. Atty. Gen., West Palm Beach, for appellee-State of Fla.
POLEN, Judge.
K.L.M. appeals his conviction for resisting arrest without violence. T.M.M. appeals her conviction for obstructing justice. The facts of the case are not in dispute.
While on patrol, deputies Patrick and Vrotek saw appellant K.L.M. sitting next to a house where police had arrested several drug suspects in the past. The area was a high drug area and the officers knew that K.L.M. had been arrested the week before for possession of marijuana. As the patrol car turned the corner, appellant got up and walked off. The officers observed appellant's right hand closed. Deputy Patrick drove up next to appellant and told him that he wanted to talk to him. Appellant took off running. The deputy testified that he suspected appellant possessed narcotics given the fact that the juvenile was in a high drug area and was at the same location where he had previously been arrested. The deputy further testified that appellant's flight and closed hand contributed to this suspicion. Appellant was subsequently found hiding behind a tree. As Deputy Patrick approached him, K.L.M. jumped up and started running. The deputy tackled appellant. K.L.M. tried to pull away and struggled on the ground to keep from being cuffed. With the assistance of two additional deputies appellant was finally subdued. The deputies searched the area but were unable to find any drugs or object that K.L.M. may have had in his hand.
During appellant's arrest, K.L.M.'s sister, T.M.M. arrived on the scene. She walked within fifteen feet from the actual place of arrest when confronted by sergeant Dean. The sergeant told her that K.L.M. was being arrested. T.M.M. was shouting and yelling at the deputies and had to be told four times that her actions were interfering with the arrest. She continued to yell and scream and was then arrested.
At trial, appellant K.L.M. and T.M.M. moved for judgment of acquittal at the close of the state's case challenging the sufficiency of the evidence. The trial judge denied the motion. Appellants then presented evidence on their behalf. At the close of all evidence appellant's failed to renew their motion for judgment of acquittal.
Appellee contends initially that the issue of sufficiency has not been properly preserved on appeal. We disagree and find that the trial court erred in not granting appellant K.L.M.'s motion for judgment of acquittal since the state failed to present legally sufficient evidence to make a prima facie showing.
Florida Rule of Criminal Procedure 3.380(b) provides:
A motion for judgment of acquittal is not waived by subsequent introduction of evidence on behalf of the defendant, but after introduction of evidence by the defendant, the motion for judgment of acquittal must be renewed at the close of *807 all the evidence. Such motion must fully set forth the grounds upon which it is based.
However, failure to renew such motion at the close of all evidence does not preclude this court from reviewing the denial of the motion after the state's case in chief. Wiggins v. State, 101 So.2d 833 (Fla.1st DCA 1958). Thus, the issue for our review is whether the state presented sufficient evidence to establish a prima facie case. If at the conclusion of the state's case there was no evidence to support the crime, then as in any other case where the state's evidence falls short of the necessary prima facie showing, a judgment of acquittal should be entered. Williams v. State, 511 So.2d 740 (Fla.5th DCA 1987). In the instant case, the facts are insufficient to support a conviction of resisting arrest without violence because without question no lawful arrest occurred.
In State v. Beja, 451 So.2d 882 (Fla.4th DCA 1984), cause dismissed, 469 So.2d 750 (Fla. 1985), this court held that before an officer can stop an individual, he must have a founded suspicion that the individual has committed, is committing, or is about to commit a crime. The law is clear that flight alone even in a high crime area does not give rise to a founded suspicion sufficient to justify detention. L.D.P. v. State, 551 So.2d 1257 (Fla.1st DCA 1989). Likewise, a quick movement by a person as if to conceal something behind his hip while sitting on the front porch or a house located in a high crime area, amounts to a legally insufficient reason to justify an investigatory stop. Walker v. State, 514 So.2d 1149 (Fla.2d DCA 1987). Nor is a prior arrest, standing alone, sufficient to give rise to a reasonable suspicion that a crime was or is being committed. Tennyson v. State, 469 So.2d 133 (Fla.5th DCA 1985).
In Dean v. State, 466 So.2d 1216 (Fla.4th DCA 1985), this court reversed a conviction for violation of probation where the facts showed that appellant was carrying a brown paper bag in broad daylight in a high crime area and that the man turned the other way when he saw the policeman looking at him. See also Ruddack v. State, 537 So.2d 701 (Fla.4th DCA 1989).
In the instant case, the deputy did not have a founded suspicion of criminal activity. The record clearly indicates that the deputy wanted to stop K.L.M. simply because appellant had been arrested the week before. As the officer candidly testified, the item that appellant held could have been as innocuous as bubblegum. Moreover, the evidence showed that appellant was standing in his own neighborhood. When appellant fled, the deputy had no reasonable suspicion to believe that a crime was being or had been committed. Thus, the arrest based upon appellant's lawful conduct was unlawful. Proof of lawfulness of an arrest is an essential element of resisting arrest without violence. Johnson v. State, 395 So.2d 594 (Fla.2d DCA 1981). If an arrest is not lawful, then a defendant cannot be guilty of resisting it. Dean, 466 So.2d at 1217. Even if the issue was not properly preserved on appeal, we find that being convicted of a crime that never occurred is error of such a fundamental nature as is correctable on appeal and must be reversed in the interest of justice. Williams v. State, 516 So.2d 975 (Fla.5th DCA 1987) (en banc), review denied, 525 So.2d 881 (Fla. 1988).
Finally, we reverse T.M.M.'s conviction for obstructing an officer without violence. Clearly, if the underlying arrest is not lawful, she cannot be said to have obstructed an officer "in the lawful performance of his duties." Given the totality of the circumstances in this case, we believe that T.M.M.'s conviction must fall. Accordingly, we reverse both convictions and orders placing appellants on community control.
STONE and WARNER, JJ., concur.