NESBITT, Judge.
The state appeals an order suppressing a taped phone conversation. We affirm.
Through chapter 934 our legislature has acted to protect the privacy of wire, oral and electronic communication. See § 934.01, Fla.Stat. (1989). Section 934.03, Florida Statutes (1989), prohibits the intentional interception of any wire, oral, or electronic communication except as specifically provided by chapter 934. Section 934.03(2)(c) allows a law enforcement officer to intercept a communication when one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act. Section 934.09(9)(a) permits any aggrieved person to bring an action to suppress the contents of an unlawful interception, and section 934.02(9) defines an “aggrieved person” as “a person who was a party to any intercepted wire, oral, or electronic communication or a person- against whom the interception was directed.”
In the instant case, police, investigating the sale of Metro Dade Fire Department promotion examinations, went to the home of the defendant’s friend, a county employee. After approximately one hour, officers persuaded her to phone the defendant, a Metro Dade computer operator, and discuss the sale. The defendant claims that her friend was coerced into making the call. The friend agrees she was nervous, she was not read the consent form which she eventually signed in the wrong place, she was frightened, and she was pressured into cooperating. The defendant, as an aggrieved person to an unlawful interception, § 934.09(9), claimed the conversation should be suppressed because her friend had not voluntarily consented to place the call. § 934.03(2)(c). We agree.
The trial court was empowered to make a credibility assessment as to the employee’s testimony that she was coerced into calling the defendant. Further, the defendant is clearly an aggrieved person under the statute’s definition and therefore under section 934.09(9)(a) she had the right to move for suppression of the eonversation. In fact, at the suppression hearing the state conceded that the defendant had the right to question the voluntary nature of her friend’s consent to make the call. See State v. Schmitz, 450 So.2d 1254 (Fla. 3d DCA 1984).
Notwithstanding its earlier concession, the state here cites federal case law and claims the defendant cannot assert a right personal to the employee claiming coercion. See Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). We disagree. The state’s authority to utilize a taped conversation arises only through chapter 934. Consequently, the state must accept the legislative definition of an aggrieved person as set forth in the same legislative enactment. The legislature has clearly provided that any person who is a party to an unlawful interception may seek to suppress the content of an improperly intercepted message. The right of privacy is a fundamental right which demands compelling state interest standards. Winfield v. Division of Pari-Mutuel Wagering, Dept. of Bus. Reg., 477 So.2d 544 (Fla.1985). The defendant was clearly free to assert her friend’s lack of voluntary consent.
Accordingly, the order to suppress is affirmed.