STONE, Judge.
We affirm appellant’s conviction and sentence for possession of cocaine. The trial court neither erred nor abused its discretion in denying appellant’s motion to suppress evidence. Michigan v. Long, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); State v. Dilyerd, 467 So.2d 301 (Fla.1985).
An officer stopped Snelling, at night, for driving with a headlamp out. The officer, who was working alone, called in the license information and was advised of a possible outstanding warrant. The dis *247 patcher followed up by notifying the officer that the outstanding charge involved a weapon.
The officer testified that, for her safety, she had Snelling sit in the rear of the police car while she waited for confirmation and a backup officer. While waiting, the officer checked the portion of appellant’s car within immediate reach of the driver’s seat and observed the drugs.[1] The officer subsequently learned that there was no outstanding warrant.
The appellant’s sole assertion on appeal is that the evidence must be suppressed as the fruit of an investigation arising from information concerning a warrant later found to be invalid or nonexistent. Appellant relies upon cases holding that such warrant information may not be relied upon to sustain a warrantless search incident to an otherwise invalid arrest. See Martin v. State, 424 So.2d 994 (Fla. 2d DCA 1983); Pesci v. State, 420 So.2d 380 (Fla. 3d DCA 1982). But see Mayberry v. State, 561 So.2d 1201 (Fla. 2d DCA 1990). However, we consider these cases to be inapposite, as here the defendant was neither stopped nor arrested on the warrant information.[2] Rather, the validity of the initial stop is undisputed.
This record reflects no unlawful acts by the officer who, in the course of performing her duties, reasonably became concerned for her safety. When an officer in a roadside encounter perceives a threat to safety founded on articulable facts and rational inferences which would warrant a reasonable prudent person’s fearing a danger, the officer may conduct a weapons search of the passenger compartment. E.g. Michigan v. Long. Here, the trial court concluded that the officer reasonably perceived a danger founded on articulable facts and inferences. This conclusion is presumptively correct. McNamara v. State, 357 So.2d 410 (Fla.1978).
We can discern no reason to distinguish an officer’s reasonable conduct based on information having the indicia of reliability from conduct based on a “furtive” movement or an unusual “bulge,” regardless of whether the basis subsequently proves out. The concerns and issues governing the validity of an arrest differ from those designed to accommodate reasonable safety precautions for officers performing their duty in dangerous circumstances. Cf. State v. Dilyerd; Doctor v. State, 573 So.2d 157 (Fla. 4th DCA 1991); Sierra v. State, 568 So.2d 1338 (Fla. 4th DCA 1990); Stanley v. State, 559 So.2d 460 (Fla. 4th DCA 1990); Hall v. State, 562 So.2d 714 (Fla. 1st DCA 1990). There is no reason to paint the evidentiary fruits of a search resulting from an officer’s concern for safety with the same brush as those of a search incident to an unlawful arrest.
In Dilyerd, an officer investigated a possible trespass to property with the intention of warning the trespassers to leave. During the investigation, the officer observed one of the passengers lean forward as if to do something with his hands. The officer searched the vehicle for weapons and instead found drugs. The Florida Supreme Court applied the holding of Michigan v. Long to the facts of Dilyerd to determine whether the officer’s search was proper. It recognized that roadside investigations involving people in vehicles are especially dangerous. The Dilyerd court applied the two prong test used in Michigan v. Long to evaluate the validity of the “Terry”[3] detention and search of the vehicle:
(1) was the stop itself justified and, (2) did the deputy possess a reasonable belief based on specific and articulable *248 facts, along with rational inferences, which justified his belief that the occupants of the car were dangerous and might gain control of weapons within the car.
467 So.2d at 304. Both Long and Dilyerd rejected any reasoning that removing the passenger from the vehicle removes the danger to the officer.
Therefore, we do not agree that Martin and Pesci apply to a search for weapons where there is a lawful stop and the officer’s conduct, founded on a reasonable concern for safety, conforms to the standards enunciated in Terry and Long.
DELL and FARMER, JJ., concur.

. It is not apparent from the record whether the officer entered the car before or after first viewing the contraband.

. We note that the record does not disclose any details concerning the basis for the information, or any of the circumstances resulting in its dissemination. Therefore, we do not address whether United States v. Hensley, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985) (recognizing that an officer need not have firsthand information in relying on a bulletin from a fellow officer which is itself founded) might be applicable were those facts known.

.Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).