PER CURIAM.
The appellant, Alonzo Walker, challenges the judgments and sentences entered after he pled nolo contendere to the charges of possession of cocaine, possession of marijuana, and possession of paraphernalia and reserved his right to appeal the trial court’s denial of his motion to suppress evidence. We reverse.
The testimony presented at the hearing on the appellant’s motion to suppress, even when viewed in a light most favorable to the state, establishes that the arresting officer did not have probable cause to arrest the appellant. Therefore, the evidence obtained through a search of the vehicle pursuant to the invalid arrest should have been suppressed. Both the state and the appellant agree that the officer made a valid stop based on an equipment violation. Although the appellant was unable to produce a driver’s license, he provided his name and date of birth and the registration information for the vehicle which belonged to a friend. The arresting officer ran a check on both names and then arrested the appellant based on information indicating ^*at the appellant had a suspended license, After returning to the police station to complete his report, the arresting officer discovered that the appellant did not have a suspended license.
The arresting officer relied solely on information he received by radio from a fellow officer or employee, which was either miscommunicated or misinterpreted. Based on the “collective knowledge” or “fellow officer” rule, an otherwise illegal arrest cannot be insulated from challenge by the fact that the arresting officer relied on erroneous radio information from a fellow officer or employee. Albo v. State, 477 So.2d 1071 (Fla. 3d DCA 1985); Martin v. State, 424 So.2d 994 (Fla. 2d DCA 1983). We note that this case does not involve an issue of mistaken identity as presented in Mayberry v. State, 561 So.2d 1201 (Fla. 2d DCA 1990), and Neal v. State, 456 So.2d 897 (Fla. 2d DCA 1984), review denied, 461 So.2d 115 (Fla.1985).
Based on the foregoing, we find that the trial court erred in denying the appellant’s motion to suppress. Since the evidence in question was seized pursuant to an unlawful arrest, it should have been suppressed. Martin. We, accordingly, reverse the appellant’s judgments and sentences and remand with instructions to discharge the appellant as to these charges.
Reversed and remanded with instructions.
SCHOONOVER, A.C.J., and HALL and BLUE, JJ., concur.