STEVENSON, Judge.
A.N., a juvenile, appeals-an adjudication of delinquency for resisting arrest without violence. We reverse because the evidence was insufficient to sustain A.N.’s conviction.
AN. and a group of four other young black males were in an automobile which was stopped on the side of the road, parked “on the swale.” A police officer, with red and blue lights flashing, pulled up and stopped behind their parked vehicle, partially blocking the car from leaving. A.N. and his companions immediately fled into a nearby field. A perimeter was set up, and with the assistance of a police helicopter flying overhead, A.N. was apprehended. He was charged with resisting arrest without violence.
The facts presented at the adjudicatory hearing do not give rise to a reasonable suspicion that the group was involved in any illicit activity. The most incriminating testimony adduced at trial concerning the group’s “suspicious activities” was the officer’s testimony that AN. was “crouching” in the passenger seat, with one leg extending out of the vehicle. The State did not question the police officer about the time of day of the incident, or about any unusual condition of the vehicle which may have suggested foul play.
Because there was no articulation of a reasonable suspicion of criminal activity on the part of AN. or his companions, AN. could not have been lawfully detained; thus, *443 his flight from the scene cannot constitute an obstruction or a resistance to the lawful execution of the police officer’s duties.[1] See S.G.K. v. State, 657 So.2d 1246 (Fla. 1st DCA 1995)(holding that the crime of resisting an officer without violence cannot take place if the officer lacks probable cause or an articu-lable well founded suspicion of criminal activity to justify detaining the defendant); accord In re 560 So.2d 805, 807 (Fla. 4th DCA 1990)(re-affirming the well-established principle that if an arrest is not lawful, a defendant cannot be guilty of resisting it without violence).
Accordingly, the adjudication of delinquency is REVERSED.
GUNTHER, C.J., and DELL, J., concur.

. Of course, the police officer could have initiated a voluntary citizen-police encounter to question A.N. about the group's activities, but A.N. would have been free to terminate the discussion and leave if he chose to.