PER CURIAM.
Boris Melton appeals the denial of his motion to suppress evidence of cocaine found on his person following a stop of the convertible vehicle in which he was a passenger. Suspecting the driver of the vehicle to be a drug dealer he intended to arrest, a police officer on bicycle patrol requested support units to stop the vehicle. When a support unit stopped the vehicle, the back seat passenger, the appellant, stood up on the seat of the convertible and put his right hand down the front of his pants. One of the officers then drew his weapon and ordered the appellant to remove his hand from his pants. Appellant complied, but in doing so, also pulled out of his pocket a plastic baggie containing crack cocaine. Appellant then fled on foot but was quickly apprehended and arrested.
At the hearing on appellant’s motion to suppress, the trial court found that reasonable suspicion existed to justify the stop of the vehicle because the bicycle officer believed the driver of the vehicle to be a person he suspected of committing a crime. In this appeal, the state asserts that the stop was justified for another reason, to wit: a valid arrest warrant was outstanding for the person for whom the bicycle officer was searching and this officer reasonably mistook the driver of the vehicle as that person.
The state’s argument is rejected because it was not raised below. State v. Schmitz, 450 So.2d 1254 (Fla. 3d DCA 1984). Further, no evidence was presented below to support the state’s assertion on appeal that an arrest warrant, in fact, existed for the person thought to be the driver. Cf. McCrea v. State, 475 So.2d 1357 (Fla. 5th DCA 1985) (arrest of individual valid, where officer, reasonably and in good faith, mistook person for another that officer had arrest warrant for); Neal v. State, 456 So.2d 897, 898 (Fla. 2d DCA 1984), rev. denied, 461 So.2d 115 (Fla.1985) (where police have valid outstanding warrant to arrest one person, and reasonably mistake a second person for the first person, then the arrest of the latter person is valid). In Neal and McCrea, unlike the instant case, the police had an outstanding arrest warrant for the person that bore a physical resemblance to the person detained.
In the cases relied on by the trial court, Tennyson v. State, 469 So.2d 133 (Fla. 5th DCA 1985) and State v. Merklein, 388 So.2d 218 (Fla. 2d DCA 1980), rev. denied, 392 So.2d 1377 (Fla.1981), founded suspicion to *1288 stop the vehicles existed because the stops were made near the areas of where the described crimes took place, shortly after they took place, and the detainees closely matched the BOLO descriptions given of the persons suspected of having committed the crimes. No such indications of a crime having recently been committed were present in the instant case which would justify the stop made in the instant case on the basis of Terry. See Florida’s Stop and Frisk Law, § 901.151, Fla. Stat. (1995). Rather, the officers appear to have simply made the stop on the basis of their earlier intention to have an arrest warrant executed on the person they believed to be driving the vehicle.
In summary, the state in this case was required to show that it had justification to make the stop pursuant to Florida’s Stop and Frisk Law, section 901.151, Florida Statutes (1995), or that the officers reasonably believed the driver to be a person for whom they had an outstanding arrest warrant or that exigent circumstances or other conditions for making an arrest without a warrant existed in this case. See § 901.15, Fla. Stat. (1995). Because the state failed to make such a showing, we reverse the denial of the motion to suppress and remand for further proceedings.
REVERSED AND REMANDED.
GRIFFIN, C.J., and W. SHARP and PETERSON, JJ, concur.